An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JESUS MIGUEL JARAMILLO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65092

FILED

JUN 24 2015



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with the use of a deadly weapon, first-degree murder with the use of a deadly weapon, two counts of burglary, and grand larceny auto. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

First, appellant Jesus Miguel Jaramillo contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

Testimony established that Jaramillo and two women spent several days at Abraham Harely's house partying and ingesting drugs. Jaramillo and the two women left the house in Harely's car and with a large amount of other property. Later that day, Harely was found dead from a single gunshot wound to the head. Jaramillo admitted killing Harely to several witnesses and displayed a firearm consistent with the bullet recovered from Harely's body. Harely's car was later recovered and

SUPREME COURT
OF
NEVADA

(O) 1947A

15-19300

sold for $15,000. Surveillance video footage established that Jaramillo left and re-entered Harely's house after Harely was killed.

We conclude that a jury could reasonably infer the following from the evidence presented. *See Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997) ("[C]ircumstantial evidence alone may sustain a conviction."), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998). Jaramillo used a firearm and means of force to take personal property from Harely after shooting Harely. *See* NRS 193.165; NRS 200.380. Jaramillo used a firearm willfully, deliberately, premeditatedly, and with malice aforethought, to kill Harely. *See* NRS 193.165; NRS 200.010(1); NRS 200.030(1). Jaramillo entered Harely's house with the intent to commit larceny therein. *See* NRS 205.060(1). Jaramillo entered Harely's Lexus with the intent to commit grand larceny auto or possession of a stolen vehicle. *See id.* Jaramillo intentionally stole and drove away Harely's Lexus, which was valued at greater than $3,500. *See* NRS 205.228.

Second, Jaramillo argues that the district court violated his Sixth Amendment rights by denying him an opportunity to cross-examine the author of the autopsy report, which was testimonial in nature and thus subject to the Confrontation Clause. An expert witness testifying about the content of a written report prepared by another person who did not testify "effectively admit[s] the report into evidence" and violates the Confrontation Clause, unless the testifying expert only presents independent opinions based on the report's data. *Vega v. State*, 126 Nev. 332, 340, 236 P.3d 632, 638 (2010). We review Jaramillo's unpreserved contention for plain error. *Id.* At 338, 236 P.3d at 636-37. Dr. Telgenhoff's testimony on his own findings, conclusions, and opinions based on autopsy

photographs that were admitted as evidence subjected his judgment, competence, and methodology to cross-examination, and the district court did not err in permitting *this* testimony. Though Dr. Telgenhoff recited the autopsy report's toxicology findings, Jaramillo has not shown prejudice to his substantial rights because the victim's toxicology results were not relevant to his guilt.

Third, Jaramillo argues that the district court admitted improper hearsay evidence in permitting Karl Williams and Jesse Bearden to testify about statements that Mario Mason made to them regarding admissions that Jaramillo made to Mason. The district court's discretion to admit such evidence will not be disturbed unless manifestly wrong. *Tabish v. State*, 119 Nev. 293, 310, 72 P.3d 584, 595 (2003). Williams testified that "[Mason] said that [Jaramillo] had told him that he had—he had killed somebody" when asked why Mason was upset when asking for Williams' assistance. Bearden testified that he asked Mason if Jaramillo had killed someone and Mason told him that Jaramillo had. Jaramillo objected to William's testimony but not to Bearden's. *See Green v. State*, 119 Nev. 545, 545, 80 P.3d 93, 95 (2003) (noting that unobjected-to error is reviewed for plain error); *Franco v. State*, 109 Nev. 1229, 1237, 866 P.2d 247, 252 (1993) (noting that preserved objections are reviewed for harmless error). Mason's state of mind was relevant to Williams' decision to assist him but of minimal relevance to the offenses charged. *See* NRS 51.105(1); *Shults v. State*, 96 Nev. 742, 751, 616 P.2d 388, 394 (1980) (stating that state-of-mind exception to the hearsay rule only applies when state of mind is relevant, relevance is weighed against prejudice, and a proper limiting instruction is given). Further, the prejudice of this testimony outweighs the relevance because the hearsay contains

Jaramillo's admission of guilt, and the district court offered no limiting instruction to the jury. The error in admitting Williams' testimony, however, is harmless beyond a reasonable doubt because Mason previously testified about Jaramillo's admission to him, Mason was cross-examined, and overwhelming evidence supported Jaramillo's guilt. Similarly, Bearden's challenged testimony did not affect Jaramillo's substantial rights because the jury had already heard this assertion from Mason and the evidence of guilt was overwhelming.

Having considered Jaramillo's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.        _____, J.
Gibbons                              Pickering

cc:    Hon. Stefany Miley, District Judge
       Sandra L. Stewart
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk